Gilbert McCoy v. The State.

No. 3135.     Decided March 8, 1905.

#### 1.—Burglary—Charge of Court—Recent Possession.

Where the court, in addition to his general charge on the law of possession of property recently stolen, gave a requested charge to the effect that if the jury believed from the evidence defendant got possession of the razor intro-duced in evidence from a negro by the name Sweet, they should acquit defendant, this being defendant's explanation, the issues were sufficiently submitted to the jury.

#### 2.—Same—Evidence—Circumstance of Guilt.

Testimony by the officer who arrested defendant to the effect that the latter had seven or eight keys in his pocket, they being door keys and some of them

skeleton keys which would open ordinary doors, was admissible as a circumstance, where the burglary was in the day time and property extracted from the house which was closed when the owners left it and found in the same condition when they returned.

Appeal from the District Court of Ellis. Tried below before Hon. J. E. Dillard.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The court charged the jury on possession of property recently stolen as follows: "The jury are instructed that if they believe from the evidence before them that the house of John Smith was burglariously entered by some person about the time alleged in the indictment, and recently thereafter, the defendant was found in possession of property which was situated and contained in the house of John Smith at the time it was burglarized (if it was) which had been stolen from said house at the time said burglary was committed (if it was) and when his possession of said property was first questioned, he, the defendant made an explanation how he came by it, and accounted for his, defendant's possession in a manner consistent with his innocence, and you believe that such explanation is reasonable and probably true, then you should acquit the defendant."

The opinion states the case.

*Tom P. Whipple,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—The charge is in exact accord with the charge given in McCoy v. State, 10 Texas, Ct. Rep., 747, a companion case to this.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary, and his punishment fixed at two years confinement in the penitentiary. This is the second appeal of this case. 10 Texas Ct. Rep., 747. The charge is attacked because the law in regard to appellant's explanation of his possession of the property taken out of the house is not sufficiently presented to the jury. A similar charge to this was sustained in McCoy v. State, supra. In addition to the charge given, the court, at the request of appellant, further instructed the jury, "if you believe from the evidence defendant got possession of the razor introduced in testimony from a negro by the name of Sweet, you will acquit the defendant, and so say by your verdict." This was the defendant's explanation. We think the issues of the case are sufficiently presented by the charges given.

The witness Dixon was permitted to testify, as follows: "When I arrested Gilbert McCoy, he had seven or eight keys in his pocket; they were door keys; some of them were skeleton keys; that is, they were keys that would open an ordinary door. They were such as would open any ordinary door." Appellant asked that this testimony be ex-

cluded, because it was not a confession; irrelevant, and had no bearing on the case. It did not tend to develop the res gestæ nor identify the party; nor show a series of circumstances or burglaries; nor did it tend to show a system of crime, etc. We think this testimony was admissible. It was a circumstance. The house was entered in the day time by some one, and a razor taken. This razor was found in possession of appellant, and he sold it on the evening or night following the burglary in the day. He claimed to have gotten the razor from a negro named Sweet. The door of the house was closed, and was entered by some one, and the door was found in the same condition when the parties returned as when they left—showing that the party who entered the house had some means of unlocking or opening the door. The possession by appellant of keys described was a circumstance placing it within his power to open the house. While it may not have been a very strong circumstance, yet it was admissible as evidence.

We are of opinion that the case is sufficiently made out to justify the jury in finding the appellant guilty. The judgment is affirmed.

*Affirmed.*

Henderson, J., absent.